IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT A. MORGAN, in his capacity as Chapter 7 trustee, and DEBORAH CLEVELAND, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION NO: 7:18-cv-00464-TMP |
| MERCEDES-BENZ U.S. INTERNATIONAL, INC., | ) ) ) | |
| Defendant, | ) | |

## **MEMORANDUM OPINION**

### Introduction

Pending before the court is Defendant's motion for partial judgment on the pleadings, filed pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 14). The motion has been fully briefed. The plaintiff opposes the motion, asserting that the complaint adequately sets forth viable claims. The parties have consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

Rule 12(c) provides that a party may move for a judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). Entry of a "[j]udgment on the pleadings is appropriate when there are no

1

material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). The court must "accept all facts in the complaint as true and view them in the light most favorable to the nonmoving party." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). Generally, an affirmative defense pleaded in the answer cannot be considered as a basis for dismissing the complaint under Rule 12(c). *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004); *Future Fibre Techs. Pty. Ltd. v. Optellios, Inc.*, No. 2:08-CV-00600-UA-DNF, 2009 WL 10669938, at *2 (M.D. Fla. May 7, 2009) ("[A] plaintiff is not required to negate an affirmative defense in its complaint.").

Mercedes-Benz U.S. International, Inc. ("Mercedes-Benz") seeks to have Deborah Cleveland ("Cleveland") dismissed as a party from this suit because she lacks standing to bring employment claims alongside the Chapter 7 Bankruptcy Trustee, Robert A. Morgan. (Doc. 14, p. 1-2). The defendant contends that once she filed for bankruptcy, all of her assets, including her inchoate claims and causes of action, because the assets of the bankrupt estate, not hers. Cleveland counters that she should be allowed to maintain a presence in the suit because her claim for equitable relief is not included in the bankruptcy estate and the amount recovered might exceed the value of her creditors' claims. (Doc. 21, p. 5-6). The parties do

not dispute that Mercedes-Benz terminated Cleveland on July 15, 2016, after which Cleveland voluntarily filed for Chapter 7 bankruptcy protection on March 23, 2018. (Doc. 14). Cleveland disclosed the existence of her claims against Mercedes-Benz in the bankruptcy disclosure petition. (Doc. 14, p. 2). Now, Cleveland, in her individual capacity, with Morgan, in his capacity as Chapter 7 Trustee, bring suit alleging that Mercedes-Benz violated Cleveland's rights under the Americans with Disabilities Act ("ADA") and the Family Medical Leave Act ("FMLA"). (Doc. 14, p. 2). Mercedes-Benz filed a motion for judgment on the pleadings. (Doc. 14). Cleveland filed a response. (Doc. 21). Mercedes-Benz filed a reply. (Doc. 22).

## Discussion

Generally, prudential standing bars actions where a plaintiff is not the real party in interest. *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1292 (11th Cir. 2003) (*overruled on other grounds, Slater v. United States Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017)). "To satisfy the 'prudential' requirements for standing, a party generally must assert his own legal rights and interests rather than those of a third party." *Oswalt v. Sedgwick Claims Management Services, Inc.*, 2015 WL 1565033, at *3 n.6 (M.D. Ala. Apr. 8, 2015) (citing *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994)).

When a debtor files for relief under the bankruptcy code, a bankruptcy estate is created that contains "all legal or equitable interests of the debtor in property . . . ." 11 U.S.C. § 541(a)(1) (2016). The bankruptcy estate encompasses all claims or causes of action that accrue before the debtor files the bankruptcy petition. *Parker v. Wendy's Int'l., Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). Thus, the trustee is the only party with standing to prosecute causes of action belonging to the estate. *Id.* The plaintiff's voluntary bankruptcy relinquished her ownership in the claims and causes of action that accrued prior to the filing of the bankruptcy petition.

In *Oswalt*, the District Court for the Middle District of Alabama concluded that the plaintiff did not have standing to bring claims because his claims could be brought only by the bankruptcy trustee. *Oswalt*, 2015 WL 1565033, at *1. The court examined relevant Eleventh Circuit precedent and concluded that "under the authority of *Burkett*—as well as the persuasive unpublished opinions of the Eleventh Circuit in *Webb, Chen,* and *Baxley*—th[e] plaintiff lacks standing to continue to prosecute the causes of action before the court, since all of the plaintiff's legal and equitable interests in the causes of action were extinguished when they became assets of his bankruptcy estate . . . ." *Id.* at *5[1], *see also Jones v.*

---

[1] The *Oswalt* court based its decision on the following cases. *Burkett v. Shell Oil Co.*, 448 F.2d 59 (5th Cir. 1971); *Chen v. Siemens Energy Inc.*, 467 F. App'x. 852 (11th Cir. 2012) (plaintiff's claims included legal and equitable relief); *Webb v. City of Riverdale*, 472 F. App'x. 884 (11th Cir. 2012); *Baxley v. Pediatric Services of Am., Inc.*, 147 F. App'x. 59 (11th Cir. 2005) (plaintiff's claims included legal and equitable relief).

4

*Clayton County*, 184 F. App'x 840, 842 (11th Cir. 2006) ("Regardless of whether a bankruptcy debtor discloses its existence, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate. *Parker v. Wendy's International, Inc.*, 365 F.3d 1268, 1272 (11th Cir.2004). 'Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate.'"). The property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *see Isaac v. IMRG*, 224 F. App'x 907, 909 (11th Cir. 2007).

Mercedes-Benz terminated Cleveland on July 15, 2016. (Doc. 14, p. 1). Cleveland filed for Chapter 7 bankruptcy protection more than a year later, on August 24, 2017. (Doc. 14, p. 2). Cleveland properly declared the existence of her claims on her bankruptcy disclosure petition. (Doc. 14, p. 2). Cleveland filed the current action, jointly with the bankruptcy trustee, on March 23, 2018. (Doc. 1). According to the relevant precedent, all of Cleveland's causes of action belong to the Chapter 7 bankruptcy trustee, because all of her "legal and equitable" interests are included in the bankruptcy estate. Here, the reasoning in *Oswalt* is persuasive because Cleveland's claims belong to the bankruptcy estate, Cleveland does not satisfy prudential standing.

Typically, motions to dismiss of this kind are based on situations in which a debtor fails to properly disclose the existence of a claim or action in bankruptcy court petition and dismissal is proper under the doctrine of judicial estoppel. Here, judicial estoppel is not at issue because Cleveland properly disclosed her claims. The court instead applies prudential standing. Cleveland argues that she personally should remain in the action and pursue injunctive relief because the "remedy of reinstatement is of no monetary value" to the estate. (Doc. 21, p. 1). In *Toussaint*, the court examined the issue of prudential standing and concluded that judicial estoppel, as discussed in *Burnes*[2] and *Barger*,[3] is not relevant to prudential standing analysis. *Toussaint v. Howard Univ.*, No. 03-1395, 2005 WL 6778614, at *3-4 (D.D.C. Nov. 8, 2005). While judicial estoppel may apply differently to legal and equitable claims, standing does not differentiate. *See Oswalt*, 2015 WL 1565033, at *5; *see also Chen v. Siemens Energy Inc.*, 467 F. App'x. 852, 854 (11th Cir. 2012) (dismissing legal and equitable claims for lack of standing). The Court finds the reasoning in *Toussaint* persuasive and finds that upon filing for Chapter 7 bankruptcy the Cleveland's entire cause of action transferred to the bankruptcy estate. *Id.* at *3. Cleveland does not have standing to maintain

---

[2] *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (2002).
[3] *Barger*, 348 F.3d at 1296.

equitable or legal claims against the defendant in this action. Robert Morgan, in his capacity as Chapter 7 Trustee, is the real party in interest.

Cleveland is not without an avenue by which she may protect her interests. First, the Chapter 7 trustee holds the rights of the debtor in trust "where they may be administered to creditors and/or re-vested with the debtor after the bankruptcy proceeding." *Toussaint*, WL 6778614, at *4. Next, Cleveland has the right to receive notice of and to object to any proposed settlement. Fed. R. Bankr. P. 9019.[4] *Toussaint*, WL 6778614, at *4. This allows her to protect and assert her claim for reinstatement or other equitable remedies[5] through her objection to any proposed settlement of the discrimination action that does not fairly take into account her practical interest in such remedies.

**Conclusion**

Accordingly, Defendant's motion for judgment on the pleadings (Doc. 14) is due to be granted. A separate order will be entered dismissing Cleveland as a party in this action.

---

[4] *See In re RFE Indus., Inc. v. Gibbons*, 283 F.3d 159, 163-64 (3d Cir. 2002); *In re Brutsche*, 500 B.R. 62, (D.N.M. 2013); In *re Middendorf*, 381 B.R. 774 (D. Kan. 2008); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605 (N.D. Ohio 1985).

[5] The court expresses no opinion as to whether frontpay is an equitable remedy the plaintiff retains a practical (albeit not legal) interest in and whether it is property of the bankruptcy estate in that frontpay, being a sum of money tied to *future* earning awarded in lieu of reinstatement, arguably is a property interest accruing *after* the filing of the bankruptcy petition.

7

DATED the 20th day of February, 2019.

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ /s/ T. Michael Putnam
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ T. MICHAEL PUTNAM
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ UNITED STATES MAGISTRATE JUDGE